parties under each provision. Sportservice was granted exclusive catering rights in return for a certain percentage of the gross receipts from the concessions and for providing a stated quality of product and service. This provision, of itself, contained adequate consideration for the reciprocal performances. Furthermore, once the concessions agreement was established, the advance of credit provision also contained adequate consideration for the provided performances. While defendant was to receive $50,000 without payment of interest, Sportservice was to have, without expenditure by itself and before any advance of funds, a $75,000 improvement made to the facilities at which it was to be concessionaire. Such a substantial improvement would have greatly benefited plaintiff's assignor.

We agree with defendant that "after a prima facie tie has been established" the burden of showing a legitimate business reason for the tie shifts to the party attempting to uphold the contract (*Switzer Brothers, Inc. v. Locklin* (7th Cir. 1961), 297 F.2d 39.) However, in the instant case defendant has failed to establish a prima facie tie. On the face of the contract the provisions were separately stated and, very possibly severable, had that issue arisen. We cannot conclude from its face that the 1946 concessions agreement constituted an illegal tie-in contract.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SCHWARTZ and McGLOON, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* CRUZ GARCIA TORRES, Petitioner-Appellant.

(No. 57935;

First District (3rd Division)—August 2, 1973.

PER CURIAM.

McGLOON, J., took no part.

Kenneth L. Jones, Assistant District Defender, of Chicago, (Gordon Berry, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (James S. Veldman and Bernard Armel, Assistant State's Attorneys, of counsel,) for the People.

CHICAGO TEACHERS UNION, Plaintiff-Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee.

(No. 56981;

First District (3rd Division)—August 2, 1973.